**SANDERS LAW, PLLC**
Craig B. Sanders, Esq. (CS4163)
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Telephone: (516) 203-7600
Facsimile: (516) 281-7601
csanders@sanderslawpllc.com
*Attorneys for Plaintiff*
File No.: 115661

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Easter Unlimited, Inc. d/b/a Fun World, <br><br> Plaintiff, <br><br> vs. <br><br> Terry Rozier, <br><br> Defendant. | Docket No: <br><br><br> **COMPLAINT** |

Easter Unlimited, Inc. d/b/a Fun World (hereinafter collectively referred to as "*Plaintiff*"), by and through its undersigned counsel, for their Complaint against Defendant Terry Rozier (hereinafter collectively referred to as "*Defendant*") states and alleges as follows:

**INTRODUCTION**

1. This action seeks to recover for copyright infringement and trademark infringement.

2. Plaintiff is a designer, manufacturer and supplier of original costumes and masks, holiday items and novelty gifts.

3. Plaintiff is the owner of valuable intellectual property and has obtained U.S. copyright and trademark registrations covering many of its original designs, including a ghost

1

face mask with shroud (the "Ghost Face Mask").

4.     Defendant is a professional basketball player, who currently plays in the National Basketball Association (the "NBA") for the Boston Celtics.

5.     Defendant, without permission or authorization from Plaintiff, actively copied, stored, modified, and/or displayed Plaintiff's intellectual property and engaged in this misconduct knowingly and in violation of the United States copyright and trademark laws.

## PARTIES

6.     Easter Unlimited, Inc. is a New York Corporation and maintains its principal place of business in Nassau County, New York.

7.     On information and belief, Defendant Terry Rozier, is a now and at the time of the filing of this Complaint and all intervening times, an Individual residing in Massachusetts and is liable and responsible to Plaintiff based on the facts herein alleged.

## JURISDICTION AND VENUE

8.     This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

9.     This Court has personal jurisdiction over Defendant because on information and belief, Defendant conducts business and/or purposely directs substantial activities at the residents of New York and in this judicial district, or otherwise avails himself of the privileges and protections of the laws of the State of New York, such that this Court's assertion of jurisdiction over Defendant does not offend traditional notions of fair play and due process.

10.    Venue is proper under 28 U.S.C. §1391(a)(2) because on information and belief, a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

11.    Plaintiff designs, manufactures and markets products for Halloween, Easter, Valentine's, St. Patrick's, Christmas and patriotic occasions.

12.    Plaintiff is the legal and rightful owner of valuable intellectual property, including designs of original costumes, masks, holiday items and novelty gifts.

13.    Plaintiff has obtained active and valid copyright registrations from the United

2

States Copyright Office (the "USCO") which cover many of their designs.

14. Plaintiff has obtained active and valid trademark registrations from the United States Patent and Trademark Office (the "USPTO") which covers a variety of marks.

15. Plaintiff's products are original, creative works in which Plaintiff's own protectable intellectual property interests.

16. Plaintiff is the original designer of the Ghost Face Mask, as set forth in *Exhibit "1"* which is annexed hereto and incorporated in its entirety herein.

17. The Ghost Face Mask has been a famous copyright and trademark of Plaintiff's for many years.

18. In 1996, Plaintiff's Ghost Face Mask was licensed for use in the popular slasher film series "Scream".

19. Scream was a wide box office success and subsequently had 3 sequels.

20. As a result of the Scream movies, Plaintiff's Ghost Face Mask has become widely famous and remains a popular Halloween costume mask.

21. Plaintiff is the owner of two (2) registered copyrights under registration numbers VA 983 747, dated February 23, 1993, and VA 552 798, dated June 21, 1999. The registrations are annexed hereto as *Exhibit "2"*.

22. Plaintiff is the owner of 2 registered trademarks related to their Ghost Face Mask.

23. The block letter mark, "Ghost Face", is registered under registration number 4035972.

24. The design mark "Ghost Face" is registered under registration number 4256208. The registrations are annexed hereto as *Exhibit "3"*.

25. Defendant is a professional basketball player for the NBA.

26. Defendant has a contract to play for the Boston Celtics.

27. Without permission or authorization from Plaintiff, Defendant adopted the Ghost Face Mask design as his own mascot and paired the design with his alter ego "Scary Terry".

28. In promotion of his nickname, "Scary Terry", Defendant has produced merchandise such as t-shirts and sweatshirts with the Ghost Face mask designed and sold said merchandise through various vendors.

29. On March 6, 2018, Verus Team Management (hereinafter "Verus"), who represents the Defendant, published an article advertising Defendant's Scary Terry brand. The article discusses Defendant's own personal clothing line and the marketing scheme behind the Scary Terry shirts.

30. The article says, "They [Verus] made a shirt that displayed a cartoon version of Rozier wearing a Scream mask, and when Rozier posted a picture on Instagram of himself wearing one, Scary Terry-fever hit."

31. The article additionally states, "Five hundred sweatshirts and T-shirts were printed. The only real advertising was done by Rozier on social media, and the entire allotment sold out in about two days." A copy of the article is attached hereto as *Exhibit "4"*.

32. On October 2, 2018, popular magazine, GQ interviewed defendant about the upcoming NBA basketball season. When asked about his moniker Scary Terry, Defendant responded, "…one of the guys in my agency who does marketing sent me shirts. It had the Jason mask on there. And I was like, 'We need to get the Scream mask on there.' Then around the time the playoffs, we started selling them out." A copy of the article is attached hereto as *Exhibit "5"*.

33. On information and belief, without Plaintiff's permission, Defendant authorized Barstool Sports, Inc. to sell merchandise with Plaintiff's Ghost Face Mask. A copy of the screen grab is annexed hereto as *Exhibit "6"*.

34. On information and belief, without Plaintiff's permission, Defendant authorized Teespring, Inc. to sell merchandise with Plaintiff's Ghost Face Mask. A copy of the screen grab is annexed hereto as *Exhibit "6"*.

*35.* On information and belief, without Plaintiff's permission, Defendant authorized The Boston Sports Co. to sell merchandise with Plaintiff's Ghost Face Mask. A copy of the screen grab is annexed hereto as *Exhibit "6"*.

*36.* On information and belief, without Plaintiff's permission, Defendant authorized ISlide USA to sell merchandise with Plaintiff's Ghost Face Mask. A copy of the screen grab is annexed hereto as *Exhibit "6"*.

*37.* On information and belief, without Plaintiff's permission, Defendant authorized RMC Apparel, LLC to sell merchandise with Plaintiff's Ghost Face Mask. A copy of the screen grab is annexed hereto as *Exhibit "6"*.

*38.* On information and belief, without Plaintiff's permission, Defendant authorized TeeShirtPalace.com to sell merchandise with Plaintiff's Ghost Face Mask. A copy of the screen grab is annexed hereto as *Exhibit "6"*.

39. On information and belief, without Plaintiff's permission, Defendant authorized Redbubble, Inc. to sell merchandise with Plaintiff's Ghost Face Mask. A copy of the screen grab is annexed hereto as *Exhibit "6"*.

40. On information and belief, without Plaintiff's permission, Defendant authorized It's My Style to sell merchandise with Plaintiff's Ghost Face Mask. A copy of the screen grab is annexed hereto as *Exhibit "6"*.

41. On information and belief, without Plaintiff's permission, Defendant authorized Etsy to sell merchandise with Plaintiff's Ghost Face Mask. A copy of the screen grab is annexed hereto as *Exhibit "6"*.

*42.* On information and belief, without Plaintiff's permission, Defendant authorized Amazon to sell merchandise with Plaintiff's Ghost Face Mask. A copy of the screen grab is annexed hereto as *Exhibit "6"*.

43. Without permission or authorization from Plaintiff, Defendant volitionally selected, copied, modified, stored and/or displayed Plaintiff's Ghost Face Mask.

44. On information and belief, the Ghost Face Mask was copied, modified, stored and/or displayed without license or permission, thereby infringing on its copyrights (hereinafter singularly the "*Infringement"* and collectively the "*Infringements*").

45. As is set forth more fully in Exhibit "4", each Infringement contains the URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than transitory duration and therefore constitutes a specific item of infringement.

46. Each Infringement on a unique URL constitutes a separate and distinct act of infringement by Defendant.

47. On information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringements was apparent.

48. Defendant cannot claim that it was aware of the infringing activities, including the specific Infringements which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringements on the part of Defendant.

49. On information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States Copyright Laws.

50. On information and belief, Defendant has the legal right and ability to control and limit the infringing activities and exercised and/or had the right and ability to exercise such right.

51. On information and belief, Defendant has received a financial benefit directly attributable to the Infringements. Specifically, Defendant's use of the Scary Terry nickname paired with the Ghost Face Mask as his mascot, realized an increase in merchandise sales.

52. On information and belief, a large number of people have viewed and purchased the unlawful copies of the merchandise displaying the Infringements.

53. On information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted and trademarked material.

54. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
*(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

55. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

56. The Ghost Face Mask is an original, creative work in which Plaintiff owns valid copyrights properly registered with the United States Copyright Office.

57. Plaintiff has not licensed Defendant the right to use the Ghost Face Mask in any manner, nor has Plaintiff assigned any of its exclusive rights in the Copyrights to Defendant.

58. Without permission or authorization from Plaintiff and in willful violation of their rights under 17 U.S.C. §106, Defendant improperly and illegally copied, stored, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

59. Defendant's reproduction of the Ghost Face Mask and display of the Ghost Face Mask as his mascot constitutes willful copyright infringement. *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991).

60. As a direct and proximate result of Defendant's misconduct, Plaintiff has been

substantially harmed and should be awarded statutory damages against Defendant pursuant to 17 U.S.C. §504(c) of up to $150,000 per infringement in an amount to be proven at trial.

## SECOND COUNT
### (Contributory Copyright Infringement)

61. Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

62. On information and belief, the Infringements were displayed for sale on the websites of various vendors (the "Websites") selling merchandise.

63. Defendant herein has caused enabled, facilitated and materially contributed to the infringement at the Websites complained of herein by, providing the tools and instruction for infringement via their Websites and has directly and indirectly promoted the infringement and refused to exercise their ability to stop the infringement made possible by their distribution.

64. Defendant had a continuing relationship with the individuals using the website after distribution of the product, and, thus, Defendant's actions substantially contributed to the infringing activity.

65. For example, Defendant has had various interviews with magazines and news blogs where he has promoted the sale of his Scary Terry merchandise with the Ghost Face Mask on them. See Exhibit "5". *See also Arista Records, LLC*, 633 F. Supp. 2d. at 156.

66. Defendant is liable as contributory infringer since he had actual and/or constructive knowledge of another's infringing conduct and induced, caused and/or materially contributed to that conduct. *See e.g., Perfect 10, Inc. v. Amazon.com, Inc.,* 508 F.3d. 1146, 1171 (9th Cir. 2007); *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 929-30 (2005); *A&M Records, Inc. v. Napster, Inc.* 239 F.3d 1004, 1019 (9th Cir. 2001); *Sony Corp. v. Universal City Studios, Inc.*, 464 U.S. 417 (1984).

67. Defendant's conduct and contributory infringement is and has been willful, intentional, purposeful, and in disregard of the rights of Plaintiff, and has caused substantial damage to Plaintiff

68. As a direct and proximate result of Defendant's misconduct, Plaintiff has been substantially harmed and should be awarded statutory damages against Defendant pursuant to 17 U.S.C. §504(c) of up to $150,000 per infringement in an amount to be proven at trial.

## THIRD COUNT
### *(Vicarious Copyright Infringement)*

69. Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

70. At all material times hereto, on information and belief, Defendant had the right and ability to supervise and/or control the infringing conduct of Defendants, his employees and/or agents and declined to exercise the right and ability to supervise or control that infringing conduct, despite its legal right to stop or limit the directly infringing conduct as well as the practicable ability to do so.

71. On information and belief, Defendant's, his employees and/or agents have continued to infringe upon Plaintiff's Ghost Face Mask, which in turn generates profits for Defendant directly from the use of the Infringements.

72. On information and belief, Defendant enjoyed a directed financial benefit from the infringing activity of its members, Employees and agents from, inter alia, advertising revenue from the increased sale of merchandise and from increase in fees paid by sponsors.

73. Defendant is liable as vicarious infringers since he profited from direct infringement while declining to exercise a right to stop or limit it. *See e.g., Perfect 10, Inc. v. Amazon.com, Inc.,* 508 F.3d. 1146, 1171 (9th Cir. 2007); *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 929-30 (2005).

74. As a direct and proximate result of Defendant's misconduct, Plaintiff has been substantially harmed and should be awarded statutory damages against Defendant pursuant to 17 U.S.C. §504(c) of up to $150,000 per infringement in an amount to be proven at trial.

## FOURTH COUNT
### *Trademark Infringement 15 U.S.C. § 1114/Lanham Act §43(a)*

75. Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

76. Defendant is actually aware that Plaintiff is the registered trademark holder of the Ghost Face mark and design (the "Mark"). Further Plaintiff's registrations on the Principal Register give constructive notice of Plaintiff's ownership rights.

77. Defendant failed to obtain the consent or authorization of Plaintiff as the registered owner of the subject name and mark to commercially distribute and market apparel

bearing the Plaintiff's Mark into the stream of commerce.

78. Defendant intentionally and knowingly used in commerce the reproduction, counterfeit, copy, and/or colorable imitation of Plaintiff's registered Mark in connection with the sale, offering for sale, distribution or advertising of Plaintiff's goods by offering, advertising, promoting, retailing, selling and distributing merchandise bearing the trade name and mark Ghost Face.

79. Defendant's egregious and intentional use of merchandise bearing Plaintiff's Mark is likely to cause confusion, or cause mistake, or to deceive, mislead, betray and defraud the consumer who believes that the items are authentic garments manufactured by Plaintiff.

80. Defendant's continued and knowing use of Plaintiff's Mark without Plaintiff's consent or authorization constitutes intentional infringement of Plaintiff's federally registered trademarks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

## FIFTH COUNT
### *Federal Trademark Counterfeiting 15 U.S.C. § 1114(1)(a)*

81. Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

82. Defendant has used false designations that are identical with, or substantially indistinguishable from, the Ghost Face trademarks on goods covered by registrations for the Ghost Face trademarks.

83. Defendant has used these false designations knowing they are counterfeit in connection with the advertisement, promotion, sale, offering for sale and distribution of goods.

84. Defendant's use of the Ghost Face trademarks to advertise, promote, offer for sale, distribute and sell defendant's merchandise was and is without the consent of Plaintiff.

85. Defendant's unauthorized use of the Ghost Face trademarks on and in connection with Defendant's advertisement, promotion, sale, offering for sale and distribution of merchandise constitutes Defendant's use of the Ghost Face in commerce.

86. Defendant's unauthorized use of the Ghost Face trademarks as set forth above is likely to: (a) cause confusion, mistake and deception; (b) cause the public to believe that Defendant's merchandise is the same as Plaintiff's or that Defendant is authorized, sponsored or approved by Plaintiff or that Defendant is affiliated, connected or associated with or in

some way related to Plaintiff; and (c) results in Defendant unfairly benefiting from Plaintiff's advertising and promotion and profiting from the reputation of Plaintiff and its Ghost Face trademarks all to the substantial and irreparable injury of the public, Plaintiff and Plaintiff's Ghost Face trademarks and the substantial goodwill represented thereby.

87. Defendant's aforementioned acts constitute trademark counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. §1114.

88. Defendant's acts are both willful and malicious.

89. By reason of the foregoing, Defendant is liable to Plaintiff for: (a) statutory damages in the amount of up to $1,000,000 for each mark counterfeited as provided by 15 U.S.C. § 1117(c) of the Lanham Act, or, at Plaintiff's election, an amount representing three (3) times Plaintiff's damage or Defendant's illicit profits; and (b) reasonable attorney's fees, investigative fees and pre-judgment interest pursuant to 15 U.S.C. § 1117(b).

## SIXTH COUNT
### *Dilution by Blurring 15 U.S.C. § 1125(c)*

90. Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

91. Plaintiff's Mark is "famous" within the meaning of the Lanham Act and is distinctive in the states in which trademark registration was obtained by virtue of the substantial inherent and acquired distinctiveness of the Mark, the extensive use in the relevant states, and the wide advertising and publicity of Plaintiff's goods bearing the mark.

92. As a result of the substantial inherent and acquired distinctiveness in Plaintiff's Mark, extensive use in the states in which registration was obtained, and the wide advertising and publicity of the Mark, Plaintiff's Mark has become strong and is widely identified and respected.

93. Upon information and belief, Defendant's unlawful actions began long after Plaintiff's Mark became famous, and Defendant acted knowingly, deliberately and willfully, with the intent to trade on Plaintiff's reputation and to dilute by blurring Plaintiff's Mark. Defendant's conduct is willful, wanton and egregious.

94. The actions of Defendant complained of herein are likely to injure the business reputation of Plaintiff and its Mark.

95. Defendant's unauthorized use of Plaintiff's famous Mark has diluted and will

continue to dilute Plaintiff's name and mark and is likely to detract from the distinctiveness of Plaintiff's mark.

96. Defendant's conduct is intended to trade on Plaintiff's reputation.

97. Defendant's continuing and knowing use of the Ghost Face mark constitutes intentional infringement of Plaintiff's trademarks in violation of 15 U.S.C. § 1125 (c).

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Ghost Face Mask and Mark in violation of 17 U.S.C. §501 et seq., 15 U.S.C. § 1114 and 15 U.S.C. § 1125 (c), and award damages and monetary relief as follows:

a. Statutory damages against Defendant pursuant to 17 U.S.C. §504(c) of up to $150,000 per infringement or in the alternative Plaintiff's actual damages and the disgorgement of Defendant' wrongful profits in an amount to be proven at trial; and

b. For damages in an amount to be proven at trial for trademark infringement under 15 U.S.C. § 1114; and

c. For damages in an amount to be proven at trial for trademark counterfeiting under 15 U.S.C. § 1114

d. For damages in an amount to be proven at trial for trademark dilution under 15 U.S.C. § 1125 (c); and

e. A permanent injunction against Defendant pursuant to 17 U.S.C. §502; and

f. Plaintiff's attorneys' fees pursuant to 17 U.S.C. §505;

g. and Plaintiff's costs; together with

h. Such other relief that the Court determines is just and proper.

DATED: November 15, 2018

        **SANDERS LAW, PLLC**

        By: ___*/s/ Craig B. Sanders*_____
        SANDERS LAW, PLLC
        100 Garden City Plaza, Suite 500
        Garden City, New York 11530
        Tel: (516) 203-7600
        Fax: (516) 281-7601
        csanders@barshaysanders.com
        *Attorneys for Plaintiff*
        File No.: 115661